THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

MBA

Mailed:  November 13, 2008

Cancellation No. 92049076

Influance, Inc.

v.

Elaina Zuker

**Michael B. Adlin, Interlocutory Attorney:**

This case now comes up for consideration of petitioner's motion to compel respondent to serve initial disclosures, filed September 3, 2008.  The motion is fully briefed.

In support of its motion, petitioner claims that respondent failed to serve initial disclosures prior to the parties' agreed deadline of August 4, 2008.[1]  Petitioner claims that it sent letters to respondent on August 11, 20 and 27, 2008, requesting that respondent serve disclosures, but that respondent was completely unresponsive.

In her response to the motion to compel, respondent first claims that "Petitioner failed to meet the deadline

---

[1]    The deadline was extended to August 4, 2008 by agreement of the parties.  See, Stipulated Motion for Extension filed July 14, 2008, which was granted by the Board's order of September 8, 2008.

for holding the voluntary disclosure conference," without explaining how or why this is relevant to the motion to compel. In any event, respondent concedes that she "consented to the reopening" of the time for holding the discovery conference, and thus that the conference was timely held.[2]

With respect to the merits of petitioner's motion, respondent claims that the parties conferred about the required initial disclosures at unspecified times, and that petitioner requested that respondent produce or disclose irrelevant materials. Respondent also concedes that she did not timely serve her initial disclosures, but states that she transmitted her initial disclosures on September 12, 2008, and that petitioner's motion "is thus moot." Respondent contends that if petitioner is dissatisfied with the initial disclosures, its "remedy is to make discovery

---

[2] To be absolutely clear, the obligation for the parties to hold a conference to discuss settlement and planning for disclosures and discovery is a mutual obligation. A plaintiff in a Board *inter partes* proceeding bears a burden of proof and is generally expected to move forward in a proceeding, while a defendant may choose to "defend" the case by doing little and hoping that the plaintiff will not be able to prove its case. Nonetheless, the obligation to confer and determine whether the parties can settle a case, or if not, at least plan for a cooperative exchange of disclosures and any possible discovery requests, is a shared responsibility. The mutual nature of the conferencing obligation is illustrated by the Board policy of participating in the conference "upon request of any party," see Trademark Rule 2.120(a)(2), as well as by the requirement that both a plaintiff and a defendant must make initial disclosures, and planning for such disclosures is one of the subjects to be discussed in the conference.

2

requests." Respondent did not include a copy of her initial disclosures with her response to the motion to compel.

In its reply brief, petitioner also failed to include a copy of respondent's late-served initial disclosures, although a copy of the disclosures was eventually filed with the Board on October 30, 2008. In any event, petitioner complains about the form of respondent's initial disclosures, claiming that it "has received no formal, signed disclosures subject to the same restrictions and constraints, including ethical constraints, as any other discovery or pleading filed under counsel's signature." Petitioner further claims that respondent is "relying upon a 'list of witnesses and documents' that does not comport with the scope of matters discussed during the discovery conference, makes no attempt to provide telephone or other contact information for witnesses, and does not respond in scope to the scope of discovery (sic) relevant to the matter at hand."

There is no dispute that respondent served initial disclosures, albeit late and only after petitioner filed its motion to compel. The primary question is whether the disclosures are adequate.[3]

---

[3] Contrary to respondent's contention that petitioner's only remedy is to serve discovery requests, the Board may compel a party to supplement inadequate disclosures, and/or sanction a party for failing to make initial disclosures after being ordered to do so. Trademark Rules 2.120(e) and (g).

While petitioner claims that respondent's initial disclosures are inconsistent with what the parties agreed to during the discovery conference, or the "scope of discovery," these contentions are entirely unexplained and completely unsupported. Accordingly, they cannot be considered, and the Board is left to determine only whether respondent's initial disclosures comply with the applicable rules. Under Fed. R. Civ. P. 26(a)(1)(A)(i), respondent was required to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that [respondent] may use to support its claims or defenses …." Under Fed. R. Civ. P. 26(a)(1)(A)(ii), respondent was required to provide a copy "or a description by category and location" of documents, electronically stored information and tangible things it "may use to support its claims or defenses …."

Respondent's initial disclosures, while not well-organized or as clear as they should be, do include lists of witnesses and documents, some with limited descriptions. However, respondent has not identified the address or telephone number of the witnesses, or the subject matter(s) about which each has information, nor has she stated that she is unaware of the witnesses' addresses or telephone numbers. Similarly, while respondent has identified a

number of documents, she has not provided their location, or taken the alternative step of actually producing them.

Accordingly, petitioner's motion to compel is **GRANTED**, to the extent that within **THIRTY DAYS** of the mailing date of this order, respondent shall provide the subject matter(s) about which each identified witness is likely to have discoverable information, as well as any known addresses and/or phone numbers for the identified witnesses. Respondent shall also provide the location of all identified documents, or, in the alternative, produce them.[4]  In addition, petitioner's argument regarding the form of respondent's initial disclosures is well-taken.  As petitioner points out, respondent's initial disclosures are not signed by respondent or by her attorney.  This violates Fed. R. Civ. P. 26(g).  Furthermore, respondent's initial disclosures do not bear the case number of this proceeding, or its caption.  Accordingly, respondent's supplemental initial disclosures served pursuant to this order shall be properly signed and bear the caption and proceeding number for this case.  Failure to comply with this order may subject respondent to sanctions, potentially including entry of judgment against her.

---

[4]    The most efficient means of making initial disclosures of documents, and the option the Board encourages parties to use, is to actually exchange copies of disclosed documents, rather than merely identifying their location.

Cancellation No. 92049076

Proceedings herein are resumed.  Discovery, trial and other dates are reset as follows:

| | |
|---|---:|
| Expert Disclosures Due | **February 20, 2009** |
| Discovery Closes | **March 22, 2009** |
| Plaintiff's Pretrial Disclosures | **May 6, 2009** |
| Plaintiff's 30-day Trial Period Ends | **June 20, 2009** |
| Defendant's Pretrial Disclosures | **July 5, 2009** |
| Defendant's 30-day Trial Period Ends | **August 19, 2009** |
| Plaintiff's Rebuttal Disclosures | **September 3, 2009** |
| Plaintiff's 15-day Rebuttal Period Ends | **October 3, 2009** |

News from the TTAB

The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 F.R. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings are amended.  Certain amendments have an effective date of August 31, 2007, while most have an effective date of November 1, 2007.  For further information, the parties are referred to a reprint of the final rule and a chart summarizing the affected rules, their changes, and effective dates, both viewable on the USPTO website via these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

By one rule change effective August 31, 2007, the Board's standard protective order is made applicable to all TTAB inter partes cases, whether already pending or commenced on or after that date.  However, as explained in the final rule and chart, this change will not affect any case in which any protective order has already been approved or imposed by the Board.  Further, as explained in the final rule, parties are free to agree to a substitute protective order or to supplement or amend the standard order even after August 31, 2007, subject to Board approval.  The standard protective order can be viewed using the following web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm